UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONNY W. LOFTON**                                                                                       **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:11CV-P666-H**

**RICKY RALLY et al.**                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Donny W. Lofton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I. SUMMARY OF CLAIMS**

Plaintiff, who is currently incarcerated at the Luther Luckett Correctional Complex (LLCC), sues in their official capacities Rick Rally and Nurse Michelle, both employees at the Marion County Jail.  He states that in March 2011, while he was housed at the Marion County Jail, he broke his foot while playing basketball.  He states that he was taken in sick "to see the nurse and she stated that I had rolled my bone and placed a rope on my feet and sent me back to my cell.  I never seen a doctor the whole time I were there."  He next states that he was then transferred to Roederrer Correctional Complex (RCC) where he stepped off the side of the sidewalk and then had his foot x-rayed and found that his foot was broken.  He states that he was then transferred to LLCC, where his foot has been x-rayed twice.  He alleges that although both x-rays show that his foot is broken, he has not received any surgery, must use crutches, and has been in pain since March 2011.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      The only two Defendants sued by Plaintiff are both employees of the Marion County Jail. Plaintiff's only allegations which occurred during his stay at the Marion County Jail were that after he broke his foot while playing basketball he was taken in sick "to see the nurse and she stated that I had rolled my bone and placed a rope on my feet and sent me back to my cell. I never seen a doctor the whole time I were there." Plaintiff sued Defendants in their official capacities only.

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Therefore, in the case at bar, Plaintiff's official-capacity claims against

Defendants, employees of the Marion County Jail, are actually claims against Marion County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village*

*of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, even under a liberal reading of the complaint, Plaintiff has not alleged a policy or custom which caused the alleged constitutional deprivation. Consequently, he has failed to state a claim against these Defendants in their official capacities.

### III. CONCLUSION and ORDER

For the foregoing reasons, the Court **DISMISSES** the official-capacity claims against Defendants Rally and Michelle. However, because Plaintiff alleges a claim of sufficiently serious nature regarding his lack of treatment for his broken foot, the Court will allow Plaintiff to move to amend his complaint to name Defendants Rally and Michelle in their individual capacities and, if he wishes, to amend his complaint should he wish to name those individuals personally responsible for the claims raised in his complaint regarding lack of medical treatment at RCC and LLCC. *See Berndt v. State of Tenn.*, 796 F.2d 879, 882-83 (6th Cir. 1986). **Plaintiff has 30 days to file an amended complaint**. Should Plaintiff fail to do so within the allotted time, the Court **will dismiss the instant action**.

Date:


cc: Plaintiff, *pro se*
       Defendants
       Marion County Attorney
4412.009