### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**DONNY W. LOFTON**                                                                   **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:11CV-P666-H**

**RICKY RALLY et al.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Donny W. Lofton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The complaint named as Defendants Rick Rally and Nurse Michelle in their official capacities. On initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed the official-capacity claims but allowed Plaintiff an opportunity to file an amended complaint to name Defendants in their individual capacities. Plaintiff has now filed his amended complaint (DN 15). On initial review of that complaint, the Court will dismiss the individual-capacity claim against Defendant Rally but will allow the individual-capacity claim to continue against Defendant Michelle. The Court also will dismiss Plaintiff's Fourteenth Amendment claim.

### I. SUMMARY OF CLAIMS

Plaintiff alleges in his amended complaint that in March 2011, while he was housed at the Crittenden County Jail, he fell on his foot while playing basketball. He states that he was taken to the jail's medical department where he was seen by a nurse named Michelle who stated that he had "rolled a bone in [his] left foot." Plaintiff states that his request for an x-ray was denied. The amended complaint continues:

> I was given an ice pack and sent back to my cell without any
> crutches or a wheelchair, or even a cane. I had nothing to help me
> get a round when I had to. I was prescribed Naproxen for my pain

>and for inflammation.  I asked for an x-ray after a week of pain and suffering, but I was denied any access to a doctor or hospital.
>
>I kept asking them to get me an x-ray; I finally got an appointment for one.  When Nurse Michelle saw me walking on my heel to get my food and to take a shower, she cancelled my appointment for the x-ray just because I was able to walk on my heel.  My pain continued every day, and then I was transferred to the Roederrer Correctional Complex in May of 2011.

Plaintiff's amended complaint explains that while he was at Roederrer Correctional Complex his foot was x-rayed; he was told that his foot was broken; and he was given a medical boot and an appointment to see the doctor.  Plaintiff further alleges that eventually, after he was transferred from Roederrer to the Luther Luckett Correctional Complex, he was sent to the North Western Baptist Hospital, where he was told by the doctor that his foot was broken and needed screws.  Plaintiff explains that he did receive surgery but was told that a nerve in his foot is "messed up."  He also states that he was told by the doctor that, due to the extent of his injury to his foot, he would suffer from pain for the rest of his life.  Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated.  As relief, he requests monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

2

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim against Jailer Rally*

Plaintiff's amended complaint makes no reference to any personal involvement by Jailer Rally. Some factual basis for a claim against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Jailer Rally. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*Fourteenth Amendment claim*

"[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause" found in the Eighth Amendment. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). Here, however, Plaintiff's amended complaint indicates that he is convicted, and not a pretrial detainee.

3

Consequently, his right against cruel and unusual punishment is protected by the Eighth not the Fourteenth Amendment. His Fourteenth Amendment claim will be dismissed.

### *Eighth Amendment claim against Nurse Michelle*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). The Court will allow Plaintiff's Eighth Amendment claim regarding medical treatment for his broken foot to go forward against Nurse Michelle.

### III. CONCLUSION

For the foregoing reasons, the Court, by separate Order, will dismiss the claim against Jailer Rally, as well as his Fourteenth Amendment Claim. The Court will allow Plaintiff's Eighth Amendment claim to continue against Nurse Michelle and will enter a Scheduling Order

to govern the development of that claim. In so doing, the Court expresses no opinion as to the ultimate outcome of this case.

Date:

cc:      Plaintiff, *pro se*
           Defendants
           Crittenden County Attorney
4412.009