**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:11CV-P666-H**


**DONNY W. LOFTON, Jr.**                                                                                    **PLAINTIFF**

**v.**

**NURSE MICHELLE**                                                                                            **DEFENDANT**

**MEMORANDUM OPINION**

The Court entered an Order that Plaintiff show cause why this case should not be

dismissed for lack of service on the only remaining Defendant.  Plaintiff has responded that he is

in the process of having his files and records mailed from the prior legal aide and that he will

need time to find another legal aide at the Kentucky State Reformatory to help with this matter.

The response does not outline any plan of action to ensure service.

This case has been pending almost two years.  The Court exhaustively attempted to have

Defendant Michelle served to no avail.  At that point, it became Plaintiff's burden to ensure

service.  Where service is attempted by the U.S. Marshal but is unsuccessful, Plaintiff must take

steps to remedy the defect in service.  *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009).

Plaintiff has not explained any efforts he will make to effect service.  Given the amount

of time Plaintiff already has had in which to ascertain information about Defendant Michelle so

that she could be served, the Court finds that any further extension of the time for service would

be futile.  Accordingly, by separate Order, the Court will dismiss this action against Defendant

Michelle without prejudice for failure to serve.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not

served within 120 days after the complaint is filed, the court . . . must dismiss the action without

prejudice against that defendant . . . .").

Date:

cc:     Plaintiff, *pro se*
4412.009